IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TAMI FISK | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-0032-JVB-MGG |
| | ) | |
| MEDTRONIC, INC. c/o | ) | |
| CT CORPORATION SYSTEM, | ) | |
| DOE DEFENDANTS 1-10 inclusive, | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Comes now Plaintiff, Tami Fisk, by counsel, and submits her Response to Defendant Medtronic, Inc's, Motion to Dismiss the First Amended Complaint.

**INTRODUCTION**

Medtronic argues that the complaint should be dismissed for four reasons. First, Medtronic argues that Tami's state law claims are not recognized under the Indiana Products Liability Act ("IPLA"). Second, Medtronic argues that Tami's claims are time barred. Third, Medtronic argues that the controlling case law in the Seventh Circuit, *Bausch v. Stryker Corp.*, 630 F3d 546 (7th Cir. 2010), was wrongly decided and that Tami's claims are preempted. Finally, Medtronic argues that Tami has not sufficiently pled a causal connection between the alleged regulatory violations and her injuries.

As discussed more thoroughly below, Tami has pled alternative theories of liability under IPLA in an effort to provide Medtronic and the court with sufficient notice of her plausible claims. Tami's claims are not time barred because they arise from problems with her catheter, which were discovered around Christmas 2014, when it protruded from her abdomen and draining yellow puss.

Finally, Tami has sufficiently pled her claims to provide Medtronic notice of her plausibly parallel claims, which means that her claims are not preempted under *Bausch*.

## STANDARD OF REVIEW

Medtronic filed its motion pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b) tests the sufficiency of the complaint, rather than the merits of the suit. *Triad Ass'n. Inc. v. Chicago Housing Auth.,* 892 F.2d 583 (7th Cir. 1989), *cert. denied,* 498 U.S. 845 (1990). This Court must accept as true Plaintiff's allegations. *Bausch,* 630 F.3d at 558, *citing Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 462 (7th Cir. 2010). If a district court dismisses for failure to state a claim, the court should give the party one opportunity to try to cure the problem, even if the court is skeptical about the prospects for success. *Id.* at 562.

## ARGUMENT

Medtronic's Motion to Dismiss should be denied for three reasons. First, Tami's allegations were properly and sufficiently pled. Second, Tami's claims were timely filed and are not time barred. Third, in accordance with Seventh Circuit case law, Tami has pled parallel claims that are not preempted. Therefore, Medtronic's motion should be denied.

### I.     PLAINTIFF'S IPLA ALLEGATIONS ARE PROPERLY PLED

<u>Plaintiff properly pled alternative theories of liability under IPLA</u>

Plaintiff has pled counts I, II, III, and VI as alternative theories of liability under IPLA. Parties are allowed to plead alternative and even contradictory theories, so long as they do not repudiate assertions made in the pleadings. *Bellwether Properties, LLC v. Duke Energy Indiana, LLC*, 59 N.E.3d 1037, 1048 (Ind. Ct. App. 2016); *see Heartland Res., Inc. v. Bedel*, 903 N.E.2d 1004, 1007 (Ind. Ct. App. 2009) ("It is well settled that a plaintiff may allege alternative theories in his complaint."). Federal Rule Civil Procedure allows a party to set forth their alternative claims as

either a single count or separate counts. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.") Therefore, Tami properly pled her alternative theories of liability under IPLA as separate counts and this court should deny Medtronic's Motion to Dismiss.

<u>Learned Intermediary doctrine is a factual determination and an inappropriate at this stage</u>

The learned intermediary doctrine is a factual determination no appropriate at the motion to dismiss stage of litigation. Medtronic argues that it had no duty to warn Tami. Medtronic begins by arguing that Tami's claim should be dismissed because Indiana has adopted the "learned intermediary doctrine." However, the "learned intermediary doctrine" does not impose a heightened pleading standard on the Tami's failure to warn claim. Nor is the "learned intermediary doctrine" automatically applied to the save manufacturers like Medtronic from liability. The learned intermediary doctrine is only applicable if: "(1) the product is sold to an intermediary with knowledge or sophistication *equal to that of the manufacturer*; (2) the *manufacturer adequately warns* this intermediary; and (3) the manufacturer can reasonably rely on the intermediary to warn the ultimate consumer." *First Nat. Bank and Trust Corp. v. Am. Eurocopter Corp.*, 378 F.3d 682, 691 (7th Cir.2004) (emphasis added). These factual determinations are not required for a well pleaded complaint are placed before this court prematurely by Medtronic.

Medtronic relies on *Parks v. Danek Med., Inc.*, which involved a claim that a screw implanted during a spinal fusion caused the patient pain. *Parks v. Danek Med., Inc.,* No. 2:95 CV 206, 1999 WL 1129706, (N.D. Ind. June 17, 1999). The plaintiff's claim was dismissed at summary judgment because he could not prove that the doctor he relied on for his fusion would have acted differently had he been warned by the manufacturer that the device was "off-label" for this particular procedure. *Id.* at *8. *Parks* says nothing about the sufficiency of the complaint, and

its thorough discussion of the evidentiary record underscores the difference in procedural posture from the instant case. For the same reason, Medtronic's citation to *Natural Gas Odorizing, Inc. v. Downs,* 685 N.E.2d 155 (Ind. Ct. App. 1997), another case discussing learned intermediary exception, is no help because it was decided on summary judgment. *See also Hathaway v. Cintas Corp. Servs., Inc.*, 903 F. Supp. 2d 669, 676 (N.D. Ind. 2012) ("Whether a manufacturer has discharged its duty under the sophisticated intermediary doctrine is almost always a question for the trier of fact."(quoting *Natural Gas*, 685 N.E.2d at 164)) Tami has alleged sufficient facts to support her claim and as discussed more thoroughly below, IPLA's requirement that Medtronic provide adequate warnings and instructions are substantially similar and parallel to the reporting requirements set forth by the federal regulations Medtronic is alleged to have violated. Therefore, this court should deny Medtronic's Motion to Dismiss.

<u>Defendant had a duty to warn/instruct on the use and dangers of their products</u>

Medtronic argues that Tami's negligent misrepresentation claim is insufficient because its "primary function is to develop medical devices, not to render professional opinions[.]" (ECF No. 9 at 9) Despite Medtronic's assertion, Indiana law does not require a defendant's primary function be "to provide professional opinions" for the defendant to be liable for negligent misrepresentation. As support, Medtronic cites to *U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742 (Ind. 2010). However, *U.S. Bank*, clearly states that in Indiana, there are four elements for negligent misrepresentation that must be met: (1) the defendant, in the course of its business, profession, or employment, or in any other transaction in which it has a pecuniary interest, supplies false information for the guidance of others in their transactions; (2) the defendant fails to exercise reasonable care or competence in obtaining or communicating the information; (3) the plaintiff justifiably relies upon the information supplied by the defendant; and (4) the plaintiff suffers

4

pecuniary loss as a result. *U.S. Bank,* 929 N.E.2d at 747; *see also Harrison Mfg., LLC v. Bienias*, No. 4:11-CV-00065-TWP, 2013 WL 6486668, at *6 (S.D. Ind. Dec. 10, 2013) (citing *U.S. Bank,* 929 N.E.2d at 747 and noting that negligent misrepresentation does not require intent to deceive).

Here, Tami has alleged that Medtronic, in the course of selling and advising on the use of their product, failed to communicate accurate and truthful information regarding the safety of leaving the catheter implanted. Tami has also alleged that she and her doctors relied on Medtronic's representations and that Tami was harmed as a result. Therefore, Tami has properly and sufficiently pled her count for negligent misrepresentation and Medtronic's Motion to Dismiss should be denied.

### Warranty claims are sufficiently pled under the UCC

Tami concedes that her claims for Medtronic's breach of their implied and express warranties should have been alleged under Indiana's U.C.C. provisions, and requests permission to so amend the Complaint. Tami alleged, in Counts IV and V, that her catheter was left implanted based on the express and implied representations of Medtronic and its representatives that it was safe and designed to be left implanted.

## II.     PLAINTIFF'S CLAIMS ARE NOT TIME BARRED

Defendant next argues that Tami's claims are time barred. Tami's claims arise from Medtronic's representations as to the safety of leaving the catheter implanted. Medtronic admits that there is not enough information for the court to find that Tami discovered the problem more than two years before the complaint was filed. Indeed, Tami's claims are not time barred because they the problems with her catheter were discovered around Christmas 2014, when the catheter protruded from her abdomen and draining yellow puss. Therefore, Tami's claims are not barred and Medtronic's Motion to Dismiss should be denied.

### III.  PLAINTIFF'S CLAIMS ARE NOT PREEMPTED

Finally, Medtronic argues that Tami's state law claims are preempted. Preemption is an affirmative defense, which pleadings need not anticipate or attempt to circumvent, and does not justify a dismissal under Rule 12(b)(6). *See Bausch v. Stryker Corp.,* 630 F.3d at 561-62 (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (concluding that there was no basis for imposing on plaintiff the burden to anticipate an affirmative defense); *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) ("Affirmative defenses do not justify dismissal under 12(b)(6)"); and Fed. R. Civ. P. 8(c) ("in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense")). Medtronic attempts to attempts to sidetrack this Court with arguments on preemption, despite case law stating that an affirmative defense is insufficient for a dismissal under Rule 12(b)(6).

In *Bausch*, the Seventh Circuit dealt with the issue of preemption and held:

> Section 360k provides immunity for manufacturers of new Class III medical devices to the extent that they comply with federal law, but it does not protect them if they have violated federal law. Just as a plaintiff in an auto accident may use the other driver's speeding violation as evidence of negligence, plaintiff Bausch claims that she was injured by Stryker's violations of federal law in manufacturing the device implanted in her hip. It remains to be seen whether she can prove those allegations, including causation and damages. But if she can prove those allegations of harm caused by violations of federal law, her claims under state law would not impose on defendants any requirement "different from, or in addition to, any requirement" imposed by federal law. Her claims are not preempted.

*Bausch*, 630 F.3d at 553. Thus, if, after the benefit of discovery, Tami can prove violations of federal law by Medtronic in the design, manufacture, and marketing of the SynchroMed II Programmable Implantable Infusion Pump System, then her claims under state law would not impose requirements different from or in addition to federal law requirements. "[Section] 360k does not prevent a State from providing a damages remedy for claims premised on a violation of

6

FDA regulations; the state duties in such a case 'parallel,' rather than add to, federal requirements." *Id.* at 552, *quoting Riegel,* 552 U.S. at 330.

In its 25-page Motion, Medtronic discusses *Bausch* in only two footnotes and merely argues that it was wrongly decided. *Bausch* recognized the challenge at this stage for the plaintiff to allege, and eventually prove, violation of a device-specific regulation. *Bausch*, 630 F.3d at 555, 560 ("[T]he victim of a genuinely defective product—for example, … an implantable cardiac defibrillator that delivers powerful electric shocks to a heart that is functioning normally—may not be able to determine without discovery and further investigation whether the problem is a design problem or a manufacturing problem."). Tami needs the benefit of discovery to gain access to information to allow proof of such a violation and how that violation precisely caused her harm. Moreover, Tami has included and alleged facts that were reasonably obtainable to her without the benefit of discovery and believes that the facts and violations alleged are more than sufficient for Rule 8's liberal notice pleading standard.

Pursuant to Rule 8, pleadings are meant to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court. *Bausch v. Stryker Corp.,* 630 F.3d at 559. The plaintiff is owed the "benefit of the imagination," ensuring that "claims are determined on their merits rather than on pleading technicalities." *Id.* In these cases specifically, the Seventh Circuit recognized that there are no special pleading requirements for product liability claims in general, or for Class III medical device claims in particular, and the complaint need only meet the "plausibility" standard applied in *Iqbal* and *Twombly. Id.* at 558, *citing Ashcroft v. Iqbal,* 556 U.S. 662 (2009). As discussed below, Medtronic's arguments regarding Tami's UCC warranty and IPLA claims fail because Tami has provided sufficient factual allegations to support each claim

7

and has alleged violations of Federal regulations, the requirements of which are parallel to the UCC and IPLA claims.

### IPLA claims Not preempted

Medtronic argues that Tami's claims cannot survive preemption, but as discussed above, the law in the Seventh Circuit is that state law claims are not preempted to the extent that their requirements parallel those of the federal regulations. *See Bausch*, 630 F.3d at 553. Here, Tami's product liability claims under IPLA parallel the requirements of the federal laws alleged to have been violated. As an example, 21 U.S.C. 515(b) and 21 C.F.R. §814.3(e) require that Medtronic comply with the not manufacture adulterated devices. 21 U.S.C. § 351 defines an adulterated device as a device that fails to meet the established performance standards, or if the methods, facilities, or controls used for its manufacture are not in conformity with federal requirements. The purpose of these requirements is to prevent the manufacturer from endangering consumers by deviating from the approved methods for manufacture or by reducing the quality of the device manufactured. If a manufacturer complies with the requirements for manufacture and do not produce adulterated devices, then the device is not deemed defective and the manufacturer is immune from suit. IPLA requires nothing more.

IPLA requires that the manufacturer comply with the applicable standards and regulations, which in this case would be the federal regulations concerning the manufacture of the SynchroMed II Programmable Implantable Infusion Pump System. *See* Ind. Code § 34-20-5-1. If the manufacturer complies with the applicable regulations, then the product is not defective and the manufacturer cannot be held liable for damaged caused. In other words, the same immunity is granted by the IPLA for compliance with the federal regulations as the federal regulations grant

for compliance. Therefore, the IPLA state law does not require anything different from or in addition to the federal requirements.

<u>Warranty claims Not preempted</u>

Tami's warranty claims parallel the requirements of the federal laws alleged to have been violated. As an example, 21 CFR §§ 820 et seq. require Medtronic to meet design control requirements, including but not limited to conducting design validation to ensure that devices conform to defined user needs and intended uses. The purpose of these requirements is to prevent the public from being harmed by a product that does not conform with FDA safety requirements and poses an unreasonable risk of serious injury to the products potential consumers. The same is so with Indiana's implied warranty of merchantability, Ind. Code § 26-1-2-314(2)(c), which requires that a manufacturer's device be fit for the ordinary purposes for which the device is used. Thus, Indiana's UCC does not require anything different from or in addition to the federal requirements and are therefore, parallel claims not preempted.

## **CONCLUSION**

As discussed more thoroughly above, Tami has properly pled alternative theories of liability under IPLA; Tami's claims are not time barred because they arise from problems with her catheter, which were discovered around Christmas 2014; and Tami has sufficiently pled her parallel state law claims, which are not preempted under *Bausch*. Therefore, Tami Fisk respectfully requests that this court deny Medtronic's Motion to Dismiss.

    Respectfully submitted:

    _/s/ Daniel H. Pfeifer_____

    Daniel H. Pfeifer (5720-71)

        Attorney for Plaintiffs
        PFEIFER, MORGAN & STESIAK
        53600 North Ironwood Drive
        South Bend, Indiana 46635
        Telephone: (574) 272-2870

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served upon all parties or their counsel by electronic filing on March 8, 2017.

Jennifer L Schuster
Frost Brown Todd LLC
201 N Illinois St Ste 1900
PO Box 44961
Indianapolis, IN 46204-4236
317-237-3800
Fax: 317-237-3900
Email: jschuster@fbtlaw.com

Kevin C Schiferl
Frost Brown Todd LLC - Ind/IN
201 N Illinois St Ste 1900
PO Box 44961
Indianapolis, IN 46204-4236
317-237-3800
Fax: 317-237-3900
Email: kschiferl@fbtlaw.com

          /s/ Daniel H. Pfeifer      
        Daniel H. Pfeifer (5720-71)
        Attorney for Plaintiffs
        PFEIFER, MORGAN & STESIAK
        53600 North Ironwood Drive
        South Bend, Indiana 46635
        Telephone: (574) 272-2870